UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDERICK C. BENSON, et al.,

                Plaintiffs,

    v.

ISLAMIC REPUBLIC OF IRAN and JOHN DOE
WALLET HOLDERS 1-814,

                Defendants,

    v.

TETHER INTERNATIONAL, S.A. DE C.V. and
CIRCLE INTERNET FINANCIAL LLC.

                Garnishees.

No. 26-cv-2327

**DECLARATION OF
AARON E. NATHAN IN
SUPPORT OF EMERGENCY
MOTION FOR ATTACHMENT**

I, Aaron E. Nathan, declare pursuant to 28 U.S.C. § 1746 and Local Civil Rule 6.1(d):

1.      I am a member in good standing of the bars of the State of New York and the District of Columbia. I am admitted to practice in the United States District Court for the Southern District of New York. I am a partner at Willkie Farr & Gallagher LLP and am counsel for Plaintiffs in the above-captioned action. I respectfully submit this affidavit in support of Plaintiffs' emergency motion for *ex parte* attachment (the "Motion").

2.      Plaintiffs are 1,341 U.S. military servicemembers, or their surviving family members, who were victims of terrorist attacks sponsored by Iran. Plaintiffs hold money judgments against Iran entered in various actions in the U.S. District Court for the District of Columbia for $10,498,664,592 in compensatory damages. A true and correct table documenting Plaintiffs' judgments is attached hereto as Exhibit 1.

3.      There were no counterclaims in the underlying suits against Iran and none are asserted here.

1

4.      Good and sufficient reasons exist to grant the Motion *ex parte*. The Motion seeks an order of attachment against an estimated $500 million of cryptocurrency assets held at anonymous wallet addresses that are likely owned and operated by likely agencies or instrumentalities of the Islamic Republic of Iran ("Iran"). There is extreme risk that if Iran or any of the anonymous Doe Wallet Holders learns of this action, they will quickly move the assets. This risk is particularly great as Plaintiffs seek to attach and ultimately execute on cryptocurrency assets, which can be transferred across borders almost instantaneously and through multiple intermediary wallets, exchanges, or cross-chain mechanisms. This can significantly complicate asset recovery once movement begins. Sanctioned actors frequently use such techniques— including layered wallet transfers (i.e., multiple, downstream transfers with intermediary accounts, wallets, or exchanges), intermediary brokers, and cross-jurisdictional exchanges—to obscure ownership and evade sanctions enforcement. Further, in light of the ongoing hostilities against the Iranian regime, the need for temporary sealing is even greater, as those responsible for operating Iran's covert financial networks are presumably on high alert. Accordingly, if the nature of this proceeding is made public, there is a substantial likelihood that the owners and operators would dissipate the assets before any court can grant effectual relief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: March 22, 2026.

_____
Aaron E. Nathan