# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

**UNDER SEAL**

May 7, 2026

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:     *Benson, et al. v. Islamic Republic of Iran, et al.*, No. 26-cv-2327 (LAP)

Dear Judge Preska:

Plaintiffs respectfully submit this letter regarding the deadline, under CPLR 6212(c), to file the order of attachment, "the affidavit and other papers upon which it was based and the summons and complaint in the action." CPLR 6212(c). Each of those papers are on file with the Clerk of Court, but are under seal pursuant to an order of the Court. *See* Order, *ABC v. DEF*, No. 26-mc-119, (Mar. 20, 2026), ECF No. 3. As this Court recently held, "the Court's granting of [a] motion to seal serves as an extension of the deadline to file the required materials publicly under NY CPLR Rule 6212." *Attestor Master Value Fund LP v. Republic of Argentina*, No. 14-cv-05849 (LAP), 2025 WL 1928060, at *7 (S.D.N.Y. July 14, 2025). Thus, to the extent CPLR 6212(c) imposes any requirement that Plaintiffs file the required materials *publicly*, Plaintiffs write to acknowledge and confirm that the CPLR 6212(c) deadline has already been extended through the date on which each of the required materials is filed publicly on the docket.

In the alternative, and to the extent there were any doubt about the Court's principal holding in *Attestor Master Value Fund*, 2025 WL 1928060, at *7, Plaintiffs respectfully move for an extension of time to publicly file the required documents. CPLR 6212(c) expressly contemplates that the Court may extend this deadline, and indeed, the Court may do so "before or after the time period has expired, nunc pro tunc." *Attestor Master Value Fund*, 2025 WL 1928060, at *5. No party would be prejudiced by such an extension. First, Plaintiffs anticipate that this matter will be unsealed in the coming days or weeks, rendering the length of any extension very short, and unlikely to have any practical impact whatsoever. CPLR 6212(c) is "at best an administrative requirement to ensure papers are docketed promptly," and that goal will be served here even under the modestly extended timeline that Plaintiffs request. *Id.* at *9 (holding that a years-long *nunc pro tunc* extension of the deadline would be appropriate). Second, the amount of Plaintiffs' outstanding judgments "far exceeds the value of the attached property," meaning that "even if" other creditors "had been immediately alerted" to the attachment in this case, "there would have been nothing for [them] to attach that . . . Plaintiffs would not have taken first." *Id.* at *8. Because the brief extension requested will not affect any party's position in the case, and because New York courts take a

May 7, 2026
Page 2 of 2

"lenient[]" approach to "technical, nonprejudicial" aspects of New York procedural rules, *id.* at
*7-*8, the Court should extend the CPLR 6212(c) deadline (*nunc pro tunc*, as necessary) to and
including the time when the required materials are filed publicly on the docket, to the extent not
already extended by the Court's sealing order.[1]

Respectfully submitted,

Aaron E. Nathan

Michael J. Gottlieb
Willkie Farr & Gallagher LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3000
mgottlieb@willkie.com

Nicholas Reddick (*pro hac vice* forthcoming)
Willkie Farr & Gallagher LLP
333 Bush St.
San Francisco, CA 94104
(415) 858-7400
nreddick@willkie.com

Lee S. Wolosky
Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Ave
New York, NY 10019
(212) 728-8000
lwolosky@willkie.com
anathan@willkie.com

*Counsel for Plaintiffs*

---

[1] Finally, Plaintiffs note that to the extent there were any defect in Plaintiffs' compliance with CPLR 6212, they would be entitled to a "reasonable opportunity to correct any [such] defect." CPLR 6223; *see Attestor Master Value Fund*, 2025 WL 1928060, at *6; *id.* at *7; *see also* CPLR 2001.