# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

**UNDER SEAL**

May 13, 2026

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   _Benson, et al. v. Islamic Republic of Iran, et al._, No. 26-cv-2327 (LAP)

Dear Judge Preska:

Pursuant to Rule I(E) of the Court's Individual Practices, Plaintiffs respectfully submit this letter-motion to extend the time under CPLR 6213 to serve the summons in this action, to the extent that deadline applies. Unless extended, and to the extent it applies, the deadline would be as early as May 21, 2026. Plaintiffs have not made any previous requests to extend this deadline. This letter-motion is being made _ex parte_, as permitted under CPLR 6213. _See_ Patrick M. Connors, Siegel's New York Practice § 319 n.2 (6th ed. 2024).

CPLR 6213 provides that an order of attachment granted "before service is made on the defendant is valid only if, within sixty days after the order is granted, a summons is served upon the defendant." CPLR 6213. The Court may extend that time for another 60 days, "[u]pon such terms as may be just and upon good cause shown." _Id._

As an initial matter, it is questionable whether this particular time limit applies at all in federal court, as at least one Court in this District has held that CPLR 6213 is preempted by a valid Federal Rule of Civil Procedure. _See, e.g., La Dolce Vita Fine Dining Co. Ltd. v. Zhang Lan_, No. 19-mc-536 (ALC), 2020 WL 7321366, at *4 (S.D.N.Y. Dec. 11, 2020) (collecting cases).[1] Under the Federal Rules, the time for service is governed by Rule 4, which imposes no time limit for "service in a foreign country." Fed. R. Civ. P. 4(m); _La Dolce Vita_, 2020 WL 7321366, at *4.

Nevertheless, in an abundance of caution, Plaintiffs respectfully move for an extension of the 60 days contemplated by CPLR 6213, and intend to effectuate service within that extended period. Good cause exists to provide this extension so that the Court can have adequate time to consider Plaintiffs' forthcoming motion for alternative service of the summons and complaint on Defendants, which Plaintiffs plan to file in short order. Particularly in light of the U.S.

---

[1] _See also_ Fed. R. Civ. P. 64 (in attachment proceedings, as in execution proceedings, "a federal statute governs to the extent it applies"); _Schneider v. Nat'l R.R. Passenger Corp._, 72 F.3d 17, 19 (2d Cir. 1995) (holding that the federal "statute[s]" referred to in Rule 69(a) include the Federal Rules of Civil Procedure).

BRUSSELS   CHICAGO   DALLAS   FRANKFURT   HAMBURG   HOUSTON   LONDON   LOS ANGELES
MILAN   MUNICH   NEW YORK   PALO ALTO   PARIS   ROME   SAN FRANCISCO   WASHINGTON

_(handwritten annotations):_

① _[circled]_

② The clerk of the Court shall limit the viewing of this order to sealed.

SO ORDERED.

_Loretta A. Preska_
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

5/13/26

government's recent designation of the Defendants' wallet addresses as identifiers of the Central Bank of Iran, Plaintiffs plan to seek alternative service under 28 U.S.C. § 1608(b), which governs service upon agencies and instrumentalities of foreign states. Although it is not clear that such service is necessary in a TRIA action, Plaintiffs plan to seek that relief as in an abundance of caution, to ensure that they will be able to recover in this action for the injuries that Iran inflicted on them. Granting a modest 60-day extension—which would result in a period both consistent with New York law's 120-day period for service of process, *see* CPLR 306-b, and with the Federal Rules' indefinite period for service of process in a foreign country, *see* Fed. R. Civ. P. 4(m)—will permit the Court to consider that motion, and for Plaintiffs to effectuate service as the Court orders.

The requested extension is also consistent with the purpose of CPLR 6213. Section 6213 requires service within a specified time after attachment is granted "in order to prevent a plaintiff from tying up the defendant's property indefinitely by not going forward with the action." 1 Weinstein, Korn & Miller CPLR Manual § 28.08[c][1] (2026). There is no such risk here, as Plaintiffs intend to proceed as expeditiously as possible to serve Defendants and obtain a judgment awarding relief—specifically, the recovery of millions of dollars in assets that Plaintiffs are owed for the unimaginable harm that Iran-sponsored terrorist attacks have inflicted on them.

Finally, Plaintiffs are aware of no prejudice that any party might suffer from the granting of this extension. Plaintiffs have already provided notice of the existence of this action through service of Plaintiffs' Motion to Confirm the Order of Attachment, meaning that Defendants have been provided with a reasonable opportunity to appear in this action (or make a special appearance) even prior to being served.

For the foregoing reasons, Plaintiffs respectfully request that the Court extend the CPLR 6213 deadline (to the extent it applies) by 60 days, to and including July 20, 2026.

Respectfully submitted,

Aaron E. Nathan

Michael J. Gottlieb
Willkie Farr & Gallagher LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3000
mgottlieb@willkie.com

Nicholas Reddick (*pro hac vice* forthcoming)
Willkie Farr & Gallagher LLP
333 Bush St.
San Francisco, CA 94104
(415) 858-7400
nreddick@willkie.com

2