# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel:  212 728 8000
Fax: 212 728 8111

**VIA ECF**

July 6, 2026

Hon. Margaret M. Garnett
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:     *Benson v. Islamic Republic of Iran*, No. 26-cv-2327 (MMG)

Dear Judge Garnett:

Plaintiffs—1,335 U.S. military servicemembers, or their surviving family members, who were victims of terrorist attacks sponsored by the Islamic Republic of Iran, and now seek to enforce those judgments against assets of an agency or instrumentality of Iran—write to respectfully request that the Court grant their motion for alternative service of the summons and complaint (ECF Nos. 56, 57, the "Motion") on an expedited basis, and not later than **July 16, 2026.** Mindful of the many competing demands on the Court's time, Plaintiffs nonetheless make this request on an emergency basis in light of the impending state-law deadline to serve Defendants, which—to the extent it applies—will expire on July 20.

The Motion was filed on June 4, 2026, prior to this case's reassignment to Your Honor. ECF No. 56. No opposition has been filed or served, and in any event, the Motion may be considered *ex parte*, *see* ECF No. 58 at ¶ 2. Simultaneous with their filing of the Motion, Plaintiffs also submitted a letter to Judge Preska requesting expedited decision, *see* ECF No. 59, and now renew that request as a formal, emergency letter-motion to expedite.

Good cause exists to expedite decision of the Motion because, under CPLR 6213, Plaintiffs must serve the summons on Defendants by July 20, 2026. *See* ECF No. 44. Although it is doubtful that CPLR 6213 applies in federal court, *see id.*, accomplishing service by that date will eliminate the need for further litigation on that issue if it is ever raised. For the same reasons, Judge Preska previously extended the CPLR 6213 deadline to July 20, but the text of the statute does not appear to permit further extensions. *Id.*; *see* CPLR 6213.

As Plaintiffs explained in their prior submissions, given that the Court has already approved an identical method of service on Defendants in this case, *see* ECF No. 35, there are few new issues for the Court to consider in the present motion: in particular, in light of the situation presented by the current conflict in Iran, there are ample grounds to grant Plaintiffs' precautionary request for service pursuant to 28 U.S.C. § 1608(b)(3)(C), and for those very reasons, Courts have awarded similar relief in virtually summary fashion. *See, e.g.*, Minute Order, *Philippon v. Islamic*

BRUSSELS   CHICAGO   DALLAS   FRANKFURT   HAMBURG   HOUSTON   LONDON   LOS ANGELES
MILAN   MUNICH   NEW YORK   PALO ALTO   PARIS   ROME   SAN FRANCISCO   WASHINGTON

*Republic of Iran*, No. 26-cv-242 (ACR) (D.D.C. Apr. 16, 2026).[1] Plaintiffs, who are victims and surviving family members of victims of Iran-sponsored terrorist attacks, should not lose out on the opportunity to recover for their injuries because of the major postal and commercial carriers' inability to deliver inside Iran due to the ongoing hostilities.

Further, as explained in Plaintiffs' Motion, serving Defendants by delivery of a Service Token to their wallet addresses is at least as good as postal delivery in terms of its ability to provide notice to Defendants. The proposed method is thus more than reasonably calculated to provide notice, as a consensus of other courts agree. It is also the *only* method that will assure delivery of such notice to Defendants *at their wallet addresses*, which are the *only* publicly acknowledged means of contacting these John Doe Defendants, who have otherwise endeavored to remain totally anonymous—notwithstanding OFAC's recent confirmation that "they" are in fact none other than the Central Bank of Iran. Further, the record shows that the proposed method has *already* succeeded in notifying Defendants in this very case, as public blockchain data shows that Defendants have accessed their wallets (and tried to move out millions of dollars worth of USDT) since Plaintiffs transmitted their first service token. ECF No. 58, at ¶¶ 4-7.[2] Finally, no prejudice could result to Defendants from granting this motion on an expedited basis: the deadline to oppose this motion passed weeks ago, and in any event, should Defendants choose to appear following service, they would still be able to challenge the validity of service after the fact. *See, e.g.*, *Cargill Fin. Servs. Int'l, Inc. v. Barshchovskiy*, No. 24-CV-5751 (LJL), 2024 WL 4240998, at *2-*6 (S.D.N.Y. Sept. 19, 2024).

For all these reasons, Plaintiffs respectfully request that the Court promptly grant Plaintiffs' Motion, and in any event by **July 16,** to permit Plaintiffs to effectuate service, and troubleshoot as necessary, by July 20. Plaintiffs have attached a revised proposed order, updated to reflect the case's reassignment to Your Honor since the Motion was first filed.

Plaintiffs' counsel is available to appear for any conference or argument that may be helpful to the Court.

Respectfully submitted,

/s/ Aaron E. Nathan

Michael J. Gottlieb
Willkie Farr & Gallagher LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 855-3000
mgottlieb@willkie.com

---

[1] As of counsel's inquiries today, the commercial and postal delivery services to Iran remain unavailable, as they were at the time of the Motion's filing. *See* ECF No. 58, ¶¶ 10-15.

[2] Prior to the May 19 attempts, neither wallet had attempted an outgoing transaction since October 22, 2025, and their last outgoing transactions of any significant size—and even then, only in the tens of thousands rather than the millions—took place on February 24, 2023 (for the TNiq Wallet) and January 22, 2023 (for the TTiD Wallet). *See* https://tronscan.org/address/TNiq9AXBp9EjUqhDhrwrfvAA8U3GUQZH81/transactions (last accessed July 6, 2026); https://tronscan.org/address/TTiDLWE6fZK8okMJv6ijg42yrH6W2pjSr9/transactions (last accessed July 6, 2026).

Nicholas Reddick (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
333 Bush St.
San Francisco, CA 94104
(415) 858-7400
nreddick@willkie.com

Lee S. Wolosky
Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Ave
New York, NY 10019
(212) 728-8000
lwolosky@willkie.com
anathan@willkie.com