USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/20/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDERICK C. BENSON, et al.,

Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN, et al.,

Defendants.

No. 26-cv-2327 (MMG)

## ~~[PROPOSED]~~ FINAL DEFAULT JUDGMENT

**WHEREAS**, this matter came before the Court on Plaintiffs' motion, pursuant to Federal Rule of Civil Procedure 55, 28 U.S.C. § 1608(e), and Local Civil Rule 55.2, for entry of default judgment on their claims under Section 201(a) of the Terrorism Insurance Act of 2002 ("TRIA") against Defendants John Doe #1 (owner of wallet TNiq9AXBp9EjUqhDhrwrfvAA8U3GUQZH81), John Doe #2 (owner of wallet TTiDLWE6fZK8okMJv6ijg42yrH6W2pjSr9), John Doe #3 (owner of wallet TAhwhFv3JpK39Nc2m8W5LPCcoTisutiRfp), John Doe #4 (owner of wallet TJdgB1k6ot3f2nLuZug6D8eD3HavTmzmSK), John Doe #5 (owner of wallet TXGHxdYbGy574z5hBu4LNzq9NzjZQ9bhUf), and John Doe #6 (owner of wallet TFQbqaNbmq2xsVor2NbufLkYZvxFC9wC7k) (collectively, "Defendants");

**WHEREAS**, Plaintiffs commenced this action on March 19, 2026, with the filing of their Complaint (ECF No. 16);

**WHEREAS**, Plaintiffs hold final judgments against Iran issued by the United States District Court for the District of Columbia and registered in this District pursuant to 28 U.S.C. §

1963, and based upon acts of terrorism for which Iran is not immune, awarding a total of $10,476,975,424.14 in compensatory damages including prejudgment interest;

**WHEREAS**, on July 8, 2026, the Court issued an Order authorizing alternative service of process on Defendants pursuant to Federal Rule of Civil Procedure 4 and 28 U.S.C. § 1608(b)(3)(C) (ECF No. 68);

**WHEREAS**, on July 19, 2026, Plaintiffs served the operative Second Amended Complaint and Summonses on Defendants pursuant to the Court's July 8, 2026 Order (ECF No. 93);

**WHEREAS**, Defendants did not respond to the Second Amended Complaint, and on September 22, the Clerk of Court entered a Certificate of Default as to Defendants (ECF No. 103);

**WHEREAS**, Plaintiffs have served Defendants with their Motion for Default Judgment and supporting documents, including the Clerk's Certificate of Default;

**WHEREAS**, Defendants are not a minor, incompetent person, or member of the military;

**WHEREAS**, Defendants have not appeared in this matter, filed any responsive pleadings, or taken any other steps to defend this action since service was effectuated and the time for answering the Second Amended Complaint has expired;

**WHEREAS,** pursuant to 28 U.S.C. § 1608(e), Plaintiffs have established their right to relief by evidence satisfactory to the Court, including that

(a) this Court has subject matter jurisdiction over this action pursuant to TRIA § 201(a) and 28 U.S.C. § 1331

(b) Plaintiffs have final judgments against Iran, which is a terrorist party within the meaning of TRIA, based on claims for acts of terrorism and for which Iran was not immune pursuant to 28 U.S.C. § 1605A;

(c) Defendants are an agency or instrumentality of Iran, namely the Central Bank of Iran;

(d) Defendants' assets, including the USDT stablecoin assets held in the digital wallets with addresses TNiq9AXBp9EjUqhDhrwrfvAA8U3GUQZH81, TTiDLWE6fZK8okMJv6ijg42yrH6W2pjSr9, TAhwhFv3JpK39Nc2m8W5LPCcoTisutiRfp, TJdgB1k6ot3f2nLuZug6D8eD3HavTmzmSK, TXGHxdYbGy574z5hBu4LNzq9NzjZQ9bhUf, and TFQbqaNbmq2xsVor2NbufLkYZvxFC9wC7k (the "Wallets") are blocked assets within the meaning of TRIA;

Now, therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. Plaintiffs' motion for default judgment is **GRANTED**.

2. Default judgment is hereby **ENTERED** against Defendants as to the First Count of Plaintiffs' Second Amended Complaint.

3. Defendants, and any owners of property held in digital wallets designated by OFAC as identifiers of CBI, are agencies or instrumentalities of Iran within the meaning of TRIA.

4. Plaintiffs are entitled to execution, and attachment in aid of execution, against Defendants' blocked assets, including the assets contained in the Wallets and any other digital wallets designated by the U.S. Treasury Department's Office of Foreign Assets Control as identifiers of Defendants, or the Central Bank of Iran, up to the total amount of Plaintiffs' compensatory damages awards including prejudgment interest ($10,476,975,424.14). All right, title, and interest of Defendants in such assets is extinguished. Plaintiffs are hereby authorized to take any and all steps necessary to execute on such assets.

5. The Court finds that there is no just reason for delay of entry of final judgment as set forth herein, and accordingly enters this final default judgment pursuant to Federal Rule of

Civil Procedure 54(b) as to Plaintiffs' TRIA claims against Defendants because there is "no just reason for delay" in entering a partial final judgment pursuant to Rule 54(b).

6. The Clerk of Court is respectfully directed to issue Plaintiffs a writ of execution in accordance with this judgment, and to issue such further writs in aid of execution consistent with this judgment.

**SO ORDERED.**

Dated: ____________________
New York, New York

____________________________
Hon. Margaret M. Garnett
United States District Judge

SO ORDERED. Dated October 20, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE